IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB 21  AM 8: 41

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| EDWIN DARNELL STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-182 |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought

the above-captioned case pursuant to 42 U.S.C. § 1983. Because he commenced this action

in the Middle District of Georgia on a form used by prisoners proceeding in a civil action in

a superior court of the State of Georgia, which does not provide the information that the

Southern District of Georgia requires, the Court directed him to re-file an amended complaint

on the form used by incarcerated litigants in the Southern District.[1]  (See doc. no. 8.)

Plaintiff has now filed an amended complaint in compliance with the Court's instructions.

(Doc. no. 10.)

Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint

must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785

---

[1]The case was transferred to this District because the events alleged in the complaint
occurred in Columbia County, Georgia, which is located in this District. (Doc. no. 5.)

(11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines

v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint,

or any part thereof, that is frivolous or malicious or that fails to state a claim upon which

relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2] After a review of Plaintiff's

amended complaint and prior history of case filings, for the reasons set forth below, the

Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of serious
> physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access

the courts, the doctrine of separation of powers, an inmate's right to due process of law, or

an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's amended complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

§ 1915(g). <u>Rivera v. Allin</u>, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[4] (Doc. no. 10, pp. 1-4.) Under penalty of perjury, Plaintiff stated (1) that he had not brought any lawsuits in federal court, (2) that he had not been allowed to proceed IFP in any such suits, and (3) that no suit in which he was allowed to proceed IFP had been ever been dismissed as frivolous or malicious or for failure to state a claim.[5] (Doc. no. 10, pp. 1-4.) However, the Court is aware of a § 1983 case that Plaintiff previously filed in federal court in which he was allowed to proceed IFP and which was dismissed as frivolous. <u>See</u> <u>Stephens v. Hardin</u>, 1:08-cv-12-WLS-RLH (M.D. Ga. Feb. 27,

---

[4]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 10, p. 3.)

[5]In its Order directing Plaintiff to amend his complaint, the Court included the "Form" for commencing § 1983 suits. (<u>See</u> doc. no. 8-2.) Plaintiff, however, handwrote the first two pages of his complaint, appearing to copy the first page of the "Form." (<u>See</u> <u>id.</u> at 1; doc. no. 10, pp. 1-2.) Notably, Plaintiff wrote, "Previous Lawsuits?" and then emphatically answered "<u>NO</u>." (Doc. no. 10, p. 1.) Moreover, Plaintiff returned the portion of the form concerning whether he had been allowed to proceed IFP in any federal lawsuits and whether he had any such suits dismissed as frivolous or malicious or for failure to state a claim. (Doc. no. 10, pp. 3-4.)

2008). Thus, Plaintiff clearly provided false information about his prior filing history in his amended complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In <u>Rivera</u>, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in <u>Parker</u> is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, <u>Arocho</u>. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

<u>Rivera</u>, 144 F.3d at 731 (citations omitted).[6]

---

[6]The court in <u>Parker</u> thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff <u>understands</u> the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case <u>without prejudice</u> and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

<u>Rivera v. Parker</u>, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[7] See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right."). Having determined that this action should be dismissed, the Court further **RECOMMENDS** that Plaintiff's motion for appointment of counsel be **DENIED AS MOOT**. (Doc. no. 9.)

SO REPORTED and RECOMMENDED this 21st day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia, as well as the Eleventh Circuit. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (per curiam); Harris v. Ci, No. 11-14690, 2012 WL 5907451 (11th Cir. Nov. 27, 2012) (per curiam); Jackson v. Fla. Dep't of Corr., No. 11-16047, 2012 WL 4711583 (11th Cir. Oct. 4, 2012) (per curiam); Shelton v. Rohrs, 406 F. App'x 340 (11th Cir. 2010) (per curiam).