IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| EDWIN DARNELL STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-182 |
| | ) |
| DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 17). The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury. As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Doc. no. 13.)

In his objections, Plaintiff does not dispute the Magistrate Judge's finding that he provided false information about his filing history, but he contends that he "did not understand" how a federal civil action "work[s]" because he is "uneducated" in the law. (See generally doc. no. 17.) As noted by the Magistrate Judge, however, Plaintiff not only falsely answered the questions on the complaint form he used to submit his amended complaint, he

affirmatively handwrote "Previous Lawsuits?" on the complaint form he submitted, and then emphatically (and falsely) answered "NO." (Doc. no. 13, p. 3 (citing doc. no. 10, p. 1).) Regardless of any general misunderstanding about how federal lawsuits proceed, Plaintiff clearly provided false information about his filing history, and the Court cannot tolerate such abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Thus, Plaintiff's objections provide no basis for departing from the Magistrate Judge's analysis in the R&R and are **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**. As

---

[1] Plaintiff attempted to submit additional objections to the R&R. (Doc. no. 18.) These objections are set forth in a document that is dated both March 17 and 18, 2013, was mailed March 19, 2013, and was received and filed by the Clerk of Court on March 20, 2013. (Id. at 1, 3, 4.) Under Houston v. Lack, 487 U.S. 266, 276 (1988), Plaintiff's objections are deemed filed on the date of execution and delivery to prison officials for mailing. Here, the dates on the document and the envelope indicate that Plaintiff's second set of objections was unquestionably filed subsequent to the deadline for objecting to the R&R, which expired on March 11, 2013. (Doc. no. 14.) Because Plaintiff's additional objections are untimely, they need not be considered. See State Contracting & Eng'g Corp. v. Condotte Am., Inc., 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005).

In any event, the newly proffered objections would provide no reason to depart from the R&R. The objections are largely unresponsive to the Magistrate Judge's analysis concerning Plaintiff's dishonesty about his filing history, as Plaintiff instead reiterates complaints about prison conditions and makes yet another request for appointment of counsel. (See doc. no. 18.) To the extent the objections do respond to the R&R, Plaintiff again appears to argue that his dishonesty should be excused because of his lack of knowledge and education in legal procedures (id. at 1), an argument which is unavailing for the reasons discussed supra.

this case is now closed, Plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.[2] (Doc. no. 9.)

SO ORDERED this 1st day of April, 2013, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Plaintiff also submitted a filing which was received by the Court on the same date as the R&R was issued. (See doc. no. 16.) This filing was not dated by Plaintiff, but the postmark indicates that it was mailed on February 20, 2013 (id. at 7), while the R&R was signed and issued on February 21, 2013 (doc. no. 13, p. 5). In the filing, Plaintiff appears to primarily reiterate the allegations in his amended complaint (see generally doc. nos. 10, 16), and thus offers no basis for departing from the Magistrate Judge's analysis in the R&R concerning Plaintiff's dishonesty about his filing history. Moreover, as the only apparent request Plaintiff makes in this filing is a renewal of his prior request for appointment of counsel, (see id. at 2), it was docketed as a motion to appoint counsel. As this case is now closed, however, the motion is **DENIED AS MOOT**. (Doc. no. 16.)

The Court also notes that Plaintiff, who is proceeding *pro se*, did not sign this filing. Local Rule 11.1, however, requires that all filings with the Court be signed, and motions that fail to comply with the requirements of the Local Rules may be subject to summary denial. Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).

3